Robert J. Gladwin, Judge, dissenting. I disagree with the majority’s decision to reverse the Commission’s interpretation of the application and priority of the attorney’s-fee statute, Ark. Code Ann. § 11-9-715 (Repl. 2012) and the benefits-reduction statute, Ark. Code Ann. § 11-9-411. Based on our standard of review, I would affirm. The framework for analyzing the Commission’s determination is stated as follows: A statute is ambiguous where it is open to.two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. Id. In interpreting an ambiguous statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter. Second Injury Fund v. Osborn, 2011 Ark. 232, 2011 WL 2062277; Arkansas Electric Co-op Corp. v. Death & Permanent Total Disability Trust Fund, 2012 Ark. App. 13, 2012 WL 11262. Additionally, we recognize that the Workers’ Compensation Commission, as an administrative agency, is better equipped by specialization, insight through experience, and more | aflexible procedures than are courts to determine and analyze legal issues affecting its agency. Arkansas Electric Co-op Corp., supra. In deciding what a statute means, the interpretation of a statute by the agency charged with its execution is highly persuasive and, while not binding on this court, will not be overturned unless it is clearly wrong. Brigman v. City of West Memphis, 2013 Ark. App. 66; Arkansas Electric Co-op Corp., supra. Lewis v. Calfrac Well Servs. Corp., 2015 Ark. App. 141, at 5-6, 457 S.W.3d 313, 316-17. Oscar Gerard was awarded attorney’s fees on the 7 percent impairment increase to his permanent partial disability due to wage loss caused by his compensable injury. The attorney’s fee awarded was 25 percent of the indemnity benefits awarded. After AG&F had paid half of the fees pursuant to section 11-9-715, it took the position that it did not owe the other half of the fee, which should be paid by Gerard, because AG&F did not owe further compensation under the award due to Gerard’s APERS benefit, which paid in excess of the workers’-compensation benefits he would receive, citing section 11-9-411. The Commission upheld the ALJ’s determination that Gerard’s half of the controverted attorney’s fees out of compensation payable to Gerard under section 11-9-715(a)(2)(B)(i) precedes any reduction in benefits provided for under section 11-9-411(a)(1). AG&F was then directed to pay Gerard’s half of the attorney’s fees out of the benefits awarded to Gerard. The ALJ reasoned that the question was whether fees were to be deducted from awarded benefits under section 11-9-715 before they were reduced under section 11-9-411 or whether the dollar-for-dollar reduction under section 11-9-411 has priority over the deduction of fees. The ALJ found that the statutes were ambiguous because of them silence regarding which statute applied first to an award of benefits in a controverted claim. After an exhaustive review of the law and legislative intent, the ALJ held that the General Assembly intended the attorney’s fees awarded under section 11—9—715(a)(2)(B)(i) |into have priority over the reduction provided pursuant to section 11—9—411(a)(1). The Commission affirmed and adopted the ALJ’s order. Because I do not think that the Commission was clearly wrong in its interpretation of the statutes, I would affirm. Glover, Vaught, and Brown, JJ., join.